UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | | |
|---|---|---|
| **RICHARD HOLMES** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 4:23-cv-2171 | |
| § | | |
| **BAKER HUGHES,** § | | |
| *Defendant.* § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Richard Holmes ("Holmes" or "Plaintiff") comes before this Court to file his *Original Complaint* against Defendant Baker Hughes.

Defendant illegally terminated Plaintiff's employment in violation of GA-40, which forbids termination of employees for refusal to receive a COVID-19 vaccination and requires employers to provide notice of vaccine exemptions to employees and also violated Title VII of the Civil Rights Act and Texas Labor Code Chapter 21 by failing to grant Mr. Holmes good faith request for religious accommodation.

### I.   CONDITIONS PRECEDENT

1. All conditions precedent has been met. Specifically, Plaintiff has received a Notice of Right to Sue Letter from the U.S. Equal Employment Opportunity Commission.

### II.   PARTIES

2. Plaintiff Richard Holmes is an individual living in Newton, Texas who may be reached through his counsel of record, the undersigned.

3. Defendant Baker Hughes is a Delaware corporation with its headquarters in Houston Texas, operates in Texas. It may be served through its registered agent at Baker Hughes Company c/o The Corporation Trust Company 209 Orange St, Wilmington, DE 19801.

### III. JURISDICTION AND VENUE

4. This case arises directly under the Title VII of the Civil Rights Act and the Court therefore has subject matter jurisdiction under 14 U.S.C. § 2000e(j).

5. Venue is properly founded in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims in this action occurred within the geographic area falling into the jurisdiction of the Southern District of Texas, as Plaintiff was managed from Houston, and most of his work was in the Gulf of Mexico.

### IV. FACTS

6. Plaintiff was hired by Defendant on January 4, 2004, as a Field Supervisor I – DRS. He was responsible for all resources and logistics required to perform services and maintenance activities on customers' sites. He also provided support to customers for product segments, and key field product applications. During his employment at Baker Hughes, Mr. Holmes performed seventeen years of distinguished work on Baker Hughes' oil rigs in the Gulf of Mexico. His management was largely based in Houston, Texas.

7. In January of 2021, Mr. Holmes contracted COVID-19 and fully recovered.

8. On August 17, 2021, Baker Hughes communicated to Mr. Holmes that he would be obliged to obtain an experimental COVID-19 vaccination to ensure alignment with government regulations, under Baker Hughes North America Offshore COVID-19 vaccine requirement.

9. On October 13, 2021, Baker Hughes informed Holmes that if he obtained one vaccine dose by October 15, 2021, he would have additional time to get a final dose by November 12, 2021.

10. On October 15, 2021, Holmes requested an accommodation based on both religious and medical reasons.

11. Mr. Holmes sought a religious exemption based on his sincerely held beliefs.

12. On October 15, 2021, Baker Hughes denied Mr. Holmes request for a religious accommodation on the grounds that "exemption for an employee in the position of Field Supervisor I – DRS would create more than a minimal burden on the Company."

13. On November 15, 2021, Mr. Holmes was suspended by Baker Hughes for noncompliance with the vaccine mandate. He resubmitted the request for accommodation on November 18, 2021. On December 6, 2021, Baker Hughes denied Mr. Holmes request for a medical exemption.

14. Two days later, on December 8, 2021, Baker Hughes terminated Mr. Holmes via letter for refusal to comply with its vaccine mandate.

15. Shortly after terminating Holmes, Baker Hughes has operated its offshore rigs without a vaccine requirement.

16. Mr. Holmes filed a complaint with the EEOC and received a Right To Sue letter. This Complaint follows no more than 90 days after its receipt.

## V. CLAIMS

**Claim 1 – Baker Hughes Violated Title VII of the Civil Rights Act of 1964**

*i. Legal Standard*

17. Title VII of the Civil Rights Act of 1964 prohibits employers that employ 15 or more employees from engaging in discrimination, harassment, or retaliation on the basis of religion. Specifically, "[t]he term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 14 U.S.C. § 2000e(j)

18. As the Supreme Court has recognized, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas v*

*Rev. Bd. Of Ind. Emp. Sec. Div.*, 450 U.S. 707, 714 (1981)*; Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Nor must an individual hold membership in or adhere to tenets of an organized religion. See *Frazee v. Ill. Dep't of Emp. Sec.*, 489 U.S. 829, 834 (1989).

*ii. Application*

19. Plaintiff's good faith request for accommodation from the COVID-19 vaccine on the grounds of his sincerely held religious beliefs was denied without any reasonable inference that refusing the accommodation would have unduly burdened his ability to conduct his job. Indeed, as noted supra, Plaintiff had already had COVID-19 and COVID was ubiquitous both on the rigs and in the U.S. at the time of his termination. The idea that his refusal to get vaccinated jeopardized public safety when the vaccine does not meaningfully reduce disease transmission, does not reach the bar necessary to show the unduly burdensome standard.

**Claim 2 — Baker Hughes Violated GA-40 By Forcing Vaccination**

*i. Legal Standard*

20. On October 11, 2021, Gov. Greg Abbott issued Executive Order GA-40, which states,

> No entity in Texas can compel receipt of a COVID-19 vaccine by any individual, including an employee or a consumer, who objects to such vaccination for any reason of personal conscience, based on a religious belief, or for medical reasons, including prior recovery from COVID-19. I hereby suspend all relevant statutes to the extent necessary to enforce this prohibition.

EO GA-40 (2021) (emphasis added).

21. The Office of the Attorney General of Texas has explained:

> The Governor's executive orders, issued pursuant to the Texas Disaster Act of 1975, have the force and effect of law and supersede local regulations. Tex. Gov't Code § 418.011–.012. The following executive orders currently protect Texas citizens from vaccine mandates. … GA-40.[1]

---

[1] Texas Workforce Commission Employer Letter, December 8, 2021, https://www.twc.texas.gov/files/businesses/commissioner-letter-covid19-vac-mandate-120821-twc.pdf

22. Thus, at the time of its issuance under the Texas Disaster Act, GA-40 functioned as a statute enforceable under state law and preventing termination of employees based on religious beliefs.

*ii. Application*

23. Baker Hughes termination of Plaintiff for refusal to accept Covid-19 vaccination constitutes a flagrant violation of GA-40's strict and unambiguous prohibition on compelled vaccination by private employers in Texas.

**Claim 3 — Baker Hughes Violated Tex. Labor Code by Religiously Discriminating**

*i. Legal Standard*

24. Under Texas law, "[a]n employer commits an unlawful employment practice if because of … religion … the employer: fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment…"

Tex. Lab. Code Sec. 21.051

*ii. Application*

25. Baker Hughes discriminated against Plaintiff on the basis of his religion by terminating him after a pretextual denial of his request for religious accommodation.

## VI.    DAMAGES

26. Based on the claims above, Plaintiff seeks economic damages in the amount of ten times his annual income from Baker Hughes, including bonuses and all benefits, at a minimum, attorney fees, and exemplary damages for its willful conduct based on malice and gross negligence toward Plaintiff, who served Baker Hughes for nearly two decades with stellar performance.

## VII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray this Court cite Defendant to appear, answer, and, on final trial, that Plaintiffs be awarded a judgment against Defendant for the following:

a) Monetary damages, compensatory and punitive;

b) An award of attorney's fees and costs generally and pursuant to (42 U.S.C. § 2000e-5(k)) and any other applicable provisions;

c) Pre-judgment and Post-judgment interest at the maximum amount permitted by law; and

d) Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/Warren V. Norred*
Warren Norred, TX Bar 24045094, Norred Law, PLLC
515 E. Border, Arlington, TX 76010
817-704-3984 O; 817-524-6686 F
wnorred@norredlaw.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE** - I certify that the above was served on counsel for Defendant Delta through the Court's e-file system on June 13, 2023.

*/s/Warren V. Norred*
Warren V. Norred